MARTHA WINDON, ALIAS MARTHA WILLIAMS, V. THE STATE.

No. 4015.  Decided May 12, 1909.

Perjury—Charge of Court—Willfully and Deliberately.

Upon trial for perjury where the charge of the court failed to define the terms wilfully and deliberately there was reversible error.  Following Steber v. State, 23 Texas Crim. App., 176.

Appeal from the District Court of Jefferson.  Tried below before the Hon. W. H. Pope.

Appeal from a conviction of perjury; penalty, seven years confinement in the penitentiary.

The opinion states the case.

*B. E. Moore,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was convicted in the District Court of Jefferson County on the 16th day of October, 1908, of the crime of perjury and her punishment assessed at confinement in the penitentiary for a term of seven years.

The motion for new trial and the bills of exception raise a number of questions, some of which we do not deem it necessary to discuss.  We think the case must be reversed on account of the failure of the court to define the terms "wilful" and "deliberate." The charge of the court is in general a fairly accurate submission of the law applied to the facts of the case.  The court instructed the jury, among other things, as follows:  "The false statement assigned for perjury must be material to the issue with respect to which it was made, and must have been deliberately and wilfully made.  A false statement made through inadvertence, or under agitation or by mistake is not perjury."  There was no other instruction of any kind as to the meaning of the words "wilfully" or "deliberately," nor did the court give any definition of the word "wilful" unless it may be comprehended and implied in the language used above.  It was held in the case of Steber v. State, 23 Texas Crim. App., 176, that the court should in a case of perjury or false swearing, define the term "wilfully."  Article 201 of the Penal Code is as follows:  "Perjury is a false statement, either written or verbal, deliberately and wilfully made, relating to something past or present, under the sanction of an oath, or such affirmation as is by law equivalent to an oath, where such oath or affirmation is legally administered, under circumstances in which an oath or affirmation is required by law, or is necessary for the prosecution or defense of any private right, or for the ends of public justice."  In the Steber case, supra, the court had, in his charge, defined the word "deliberately."  Judge

White, speaking for the court says: "The jury were, as to the word 'deliberately,' properly charged that a false statement made through inadvertence or under agitation or· by mistake would not support a conviction." That is the language and this is the charge which the court gave in this case. "But," he says, "they were not charged as to the meaning of the word 'wilfully,' which was equally as essential to be understood as the word 'deliberately' since the statute makes them both conjointly essential to the crime. 'Wilful' in legal parlance signifies with evil intent or legal malice, or without legal ground to believe the act to be lawful; and a trial court, in charging a jury upon a case involving this question should, as an essential part of the law of the case, instruct the jury as to the legal meaning of the word 'wilful.' (Trice v. The State, 17 Texas Crim. App., 43; Owens v. The State, 19 Texas Crim. App., 242; Loyd v. The State, 19 Texas Crim. App., 321; Baker v. The State, 21 Texas Crim. App., 264.)" While the Steber case, supra, was distinguished in the case of Woodson v. State, 24 Texas Crim. App., 153, it appears from the report in that case that no objection was taken to the charge of the court in respect to this matter, but that it was urged for the first time on appeal; and that the defect was practically cured by special instruction given at the request of defendant, the court holding the charge of the court was substantially sufficient. It seems to us that by analogy, as well as based on authority, it was important, if not indispensable, to the protection of appellant that the court should have given the definition of this term.

There are some other matters assigned in the motion, which, however, are not likely to occur on another trial, and need not, we think, be discussed.

For the error pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*