### Isaac S. Knight v. The State.

No. 2563. Decided June 18, 1913.

#### 1.—False Swearing—Affidavit—Indictment—Variance.

Where, upon trial of false swearing, the affidavit upon which the false swearing was based alleged that the defendant swore that the girl he intended to marry was of the age of eighteen years, whereas the indictment alleged that she was not then and there twenty-one years of age, and the matter traversed in the indictment was not that contained in the affidavit upon which the false swearing was based, the indictment was fatally defective.

#### 2.—Same—Charge of Court—Definitions.

Where, upon trial of false swearing, the charge of the court nowhere defined the terms, "deliberately," and "wilfully," to which objections were made, the same was reversible error. Following Windon v. State, 56 Texas Crim. Rep., 198.

#### 3.—Same—Charge of Court—Number of Witnesses—Corroboration.

Where, upon trial of false swearing, the court's charge failed to instruct the jury that it was necessary before a conviction could be secured that the

State's case must be sustained by two credible witnesses or one such witness duly corroborated, the same was reversible error. Following Gartman v. State, 16 Texas Crim. App., 215, and other cases.

**4.—Same—Charge of Court—Mistakes—Inadvertence.**

Where, upon trial of false swearing, the evidence raised the issue of inadvertence and mistake, the court should have submitted a proper charge thereon.

**5.—Same—Variance—Insufficiency of Evidence.**

Where the indictment charged one age and the affidavit another with reference to the female the defendant intended to marry, and the allegations in the indictment were not sustained by the evidence with reference to the age of said female, the variance was fatal.

Appeal from the District Court of Denton. Tried below before the Hon. C. F. Spencer.

Appeal from a conviction of false swearing; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*I. D. Ferguson* and *W. F. Ramsey,* for appellant.—On question of the insufficiency of the indictment: Turner v. State, 18 S. W. Rep., 792; Wynne v. State, 60 Texas Crim. Rep., 660, 133 S. W. Rep., 682; Schoenfeld v. State, 56 Texas Crim. Rep., 103; Cravey v. State, 33 id., 557; Butler v. State, 33 id., 232.

On question of failing to charge inadvertence or mistake: Steher v. State, 4 S. W. Rep., 889; Windon v. State, 56 Texas Crim. Rep., 198.

On question of court's failure to define the words, "deliberately and wilfully": Windham v. State, supra; Steher v. State, supra; Mahon v. State, 79 S. W. Rep., 28; Holt v. State, 48 Texas Crim. Rep., 559, 89 S. W. Rep., 838; Trice v. State, 17 Texas Crim. App., 43; Owens v. State, 19 id., 242.

On question of amount of evidence necessary to convict: Wilson v. State, 10 S. W. Rep., 749, and cases stated in opinion.

*C. E. Lane,* Assistant Attorney-General, and *H. R. Wilson* and *F. M. Bottorff,* for the State.—On sufficiency of the indictment: Barber v. State, 64 Texas Crim. Rep., 96, 142 S. W. Rep., 577; Robertson v. State, 150 S. W. Rep., 893.

On question of sufficiency of evidence: Mahon v. State, 46 Texas Crim. Rep., 234; Harkreader v. State, 35 id., 243.

On question of defining the words, "wilfully and deliberately": Woodson v. State, 24 Texas Crim. App., 153; Hill v. State, 22 id., 579; Clay v. State, 52 Texas Crim. Rep., 555.

DAVIDSON, PRESIDING JUDGE.—The indictment charges appellant with false swearing in that he deliberately, corruptly and wilfully, under the sanction of the oath administered by the County Clerk of Denton County, made the following voluntary false statement and declaration and affidavit in writing. The instrument is as follows:

"I, I. S. Knight, do solemnly swear that I am twenty-one years of age, and that Miss Bessie Welborn is eighteen years of age, and that there are no legal objections to our marriage.

Isaac S. Knight.

Sworn to and subscribed before me, this the 21st day of Oct., A. D. 1912.

Oscar T. Button,

Clerk County Court, Denton County, Texas."

The traverse is as follows: "Whereas, in truth and in fact the said Miss Bessie Welborn was not then and there twenty-one years of age, and in truth and in fact there were then and there legal objections to the marriage of the said Isaac S. Knight and Miss Bessie Welborn, which said false affidavit, so made by the said Isaac S. Knight, was not then and there required by law, nor made in the course of a judicial proceeding, yet the same then and there was nevertheless wilfully and deliberately made, and was wilfully and deliberately false, as the said Isaac S. Knight then and there well knew, against the peace and dignity of the State.

C. C. Yeatis, Foreman of the Grand Jury."

Several grounds were urged against the validity of this indictment. At least one of these objections is well taken without question. The affidavit alleges defendant swore the girl was of the age of eighteen years, whereas the indictment alleges that she was not then and there twenty-one years of age. It would need no argument to sustain the proposition that whatever is sought to be charged as false in the affidavit should be traversed as shown by the face of the affidavit. That instrument alleged that the girl was eighteen years of age,—not that she was then and there twenty-one years of age. The affidavit alleges one age and the indictment traverses another age, and one not stated by the defendant, and one to which he did not swear. The accused must be prosecuted for the falsity of the affidavit and not for something which was not contained in the affidavit and to which he did not swear. The indictment does not charge an offense in that the statement and the allegations in the traverse do not meet nor correspond, and the indictment seeks to charge him with swearing to a thing to which he did not swear. This renders the indictment vicious, and, therefore, it does not charge the offense of which appellant was guilty, if guilty. This must reverse and dismiss the prosecution. The indictment should also traverse the legal objections specifically by stating what they were.

Some of the objections urged to the charge were as to its contents and omissions. The charge nowhere defines the terms "deliberately" and "wilfully." Exception was taken to this in the trial court and is urged here as error. Those objections were timely made and entitle appellant to a reversal. This charge should have been given. Windon v. State, 56 Texas Crim. Rep., 198. That case cites the authorities and it is unnecessary to cite other cases. Exception was reserved to the court's

charge because it failed to instruct the jury that it was necessary before a conviction could be secured, that the State's case must be sustained by two witnesses, or one witness by the requisite corroborative evidence. This charge is necessary. Appellant urged this in the trial court, and is urging it here for reversal. His contention is well taken. Branch's Crim. Law, sec. 657; Gartman v. State, 16 Texas Crim. App., 215; Washington v. State, 22 Texas Crim. App., 26; Smith v. State, 22 Texas Crim. App., 196; Brookin v. State, 27 Texas Crim. App., 701; Wilson v. State, 27 Texas Crim. App., 47; Miller v. State, 27 Texas Crim. App., 497; Grandison v. State, 29 Texas Crim. App., 186; Aguierre v. State, 31 Texas Crim. Rep., 519. These are sufficient cases. In addition we cite the statute.

It is contended that the doctrine of inadvertence or mistake should have been charged. The evidence raising this issue is found in the defendant's testimony. He says: "We did not have any conversation about procuring the license. When I went and applied for the license Mr. Button stated to me, 'Who are these license for?' and I said, 'For myself'; he said, 'Are you twenty-one years old?' and I said, 'I look like it, don't I?' he said, 'Is she eighteen years old?' and I said, 'I wouldn't swear to it,' not knowing her age; I didn't want to swear to something I didn't know. He said 'How old would you take her to be?' and I said, 'I don't know,—twenty to twenty-three of age.' After he made out the license he showed it to me and said, 'Sign your name,' and I signed it and he said, 'You solemnly swear this statement is true and correct?' and I said, 'To the best of my knowledge.' That is the statement I made to him." This raises the question, and the matter should have been given in charge to the jury. See Windon v. State, 56 Texas Crim. Rep., 198. It is unnecessary to cite other authorities. Wherever a question is raised favorable to a defendant, an appropriate charge should be given so that the jury may decide that issue.

The question of variance was also raised. This arises out of the conflict in the indictment between the age set out in the affidavit and that alleged in the traverse. One alleges the age to be eighteen, the other over twenty-one. It is fundamental that the evidence should correspond with and support the allegations. Appellant did not swear the girl was twenty-one years of age, but did swear she was eighteen. She could have easily been eighteen years of age and under twenty-one. It is unnecessary to further discuss these matters.

For the errors indicated the judgment is reversed and the prosecution is ordered dismissed with the right of the State to hold appellant under proper affidavit if it desires further prosecution.

*Reversed and dismissed.*