R. E. MARTIN v. THE STATE.

No. 14106. Delivered May 13, 1931.

The opinion states the case.

*Storey, Leak & Storey,* of Vernon, for appellant.

*John Myers,* Dist. Atty., of Vernon, and *Nat Gentry, Jr.,* of Tyler, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is making a false entry in a book of a state bank; the punishment, confinement in the penitentiary for two years.

Omitting the formal parts, the indictment reads as follows:

"On or about the 7 day of December, A. D. 1929, and anterior to the presentment of this indictment, in the county and state aforesaid one R. E. Martin was then and there assistant cashier, teller, clerk and agent of a certain state bank, then and there known as The Farmers State Bank of Vernon, Texas, which said state bank had theretofore been duly and legally incorporated under and by virtue of the laws of the State of Texas and was then and thère carrying on a banking business in the City of Vernon, in Wilbarger County, Texas, under the banking laws of the State of Texas, and he, the said R. E. Martin, did then and there in Wilbarger County, Texas, knowingly make and cause to be made in a book then and there belonging to and used by the said state bank in the transaction of its banking business and then and there known and designated as 'Teller's Cash Book' a certain false entry in words and figures as follows to-wit: '$47,788.62' the said false entry being then and there made and appearing in said book to the right of and opposite the word 'Deposits' and then and there indicating and in effect declaring that the total Individual Deposits received by said bank on said date or on some previous date and carried into the business for entry on said date amounted to the sum of $47,788.62, whereas, in truth and in fact the individual deposits received by said bank on said date or on some previous date and carried into the busines for entry on said date did not amount to the sum of $47,788.62, which he, the said R. E. Martin then and there well knew, and that said false entry was then and there made by the said R. E. Martin with the intent to injure and defraud the said state bank and with the intent then and there to deceive the Banking Commisioner of the State of Texas and any examiner authorized by law to examine the affairs of said bank."

Appellant filed a motion to quash the indictment on the ground that it could not be ascertained therefrom whether the deposits received on December 7, 1929, amounted to $47,788.62, or whether the deposits on

December 7, 1929, in connection with the deposits received on previous dates, but carried into the business for entry on December 7th, amounted to $47,788.62. It was specifically urged in the motion that the averment "that the individual deposits received by said bank on said date *or* on some previous date and carried into the business for entry on said date amounted to the sum of $47,788.62" rendered the indictment vague, indefinite and uncertain as to the facts relied upon to establish the falsity of the entry. Stated in another way, it is appellant's contention that the use of the disjunctive "or" in the connection disclosed by our underscoring of that word left uncertain whether it was intended to charge that the deposits received on December 7th alone were related to the false entry or whether the deposits received on December 7th, in connection with deposits reecived on previous dates and carried into the busines for entry on December 7th, were related to the false entry. We are in doubt as to whether the averment is sufficiently definite. It is the rule that the particular act of which the state complains must be set forth in plain and intelligible words so that the accused may know what he will be called upon to answer. Branch's Ann. Tex. P. C., sec. 493; Lagrone v. State, 12 Tex. Crim. App., 426. In view of the fact that the error hereinafter discussed will necessitate a new indictment if the state desires to further prosecute appellant, we deem it unnecessary to determine whether the motion to quash should have been sustained. We assume the new indictment will be so drawn as to obviate the criticism heretofore mentioned.

Appellant contends that there is a disagreement between the allegation that the deposits actually received did not amount to $47,788.62 and the proof. The testimony on the part of the state was uncontroverted to the effect that a correct entry of the amount of the deposits on the date in question would have been $53,746.57. Thus it is seen that the deposits received on December 7th, together with deposits received on previous dates but carried into the business for entry on December 7th, exceeded the amount shown by the entry by the approximate sum of $6,000. It is appellant's position that the averment that such deposits "did not amount to the sum of $47,788.62" is tantamount to an allegation that the true deposits were under the sum last mentioned.

When used as a verb the word "amount" is defined in The Century Dictionary and Cyclopedia as follows: "To reach or be equal (to) number, quantity, or value; come (to) as a whole." Further it is defined: "To ascend; climb; amount." Again: "To rise in number, quantity, or value, so as to reach or be equal to; come to." We think it is clear that a positive averment that the deposits did not amount to $47,788.62 would be commonly understood to mean that the amount of such deposits was less than $47,788.62. It was incumbent upon the state to allege the facts relied upon to establish the falsity of the entry. Jones v.

The State, 118 Texas Crim. Rep., 106, 38 S. W. (2d) 587, delivered May 6, 1931. The reason for the rule is that the accused is entitled to know wherein and to what extent the entry alleged to have been made by him was false. Crow v. State, 49 Texas Crim. Rep., 103, 90 S. W., 650.

Appellant was apprised by the averments in the indictment that the deposits in question were less than the sum indicated by the alleged false entry. The proof on the part of the state showed that such deposits exceeded the amount of the alleged false entry by approximately $6,000. The law demands that the particular offense be set out with such certainty that a presumptively innocent man seeking to know what he must meet may ascertain fully therefrom the matters charged against him. Hardin v. State, 85 Texas Crim. Rep., 220, 211 S. W., 233. Appellant being presumptively innocent, was informed by the indictment that the state would show that the deposits in question were less than $47,788.62, and that the entry was false in that it indicated that the deposits were in an amount in excess of those actually received and carried into the business. Looking to the indictment, a presumptively innocent man would expect the state to prove that some of the deposits carried into the business of the bank on December 7th were fictitious and that the true deposits were less in amount than $47,788.62. Certainly a presumptively innocent man seeking to know what he had to meet would not have been apprised that the state would prove that the entry was false in that the deposits received by the bank on the date in question were approximately $6,000 in excess of the amount represented by the entry.

It is fundamental that the evidence should correspond with and support the material allegations. Knight v. State, 71 Texas Crim. Rep., 36, 158 S. W., 543; Chaves v. State, 275 S. W., 1006. It was incumbent upon the state, to prove that the true deposits were less than $47,-788.62. This the state failed to do. On the contrary, in proving the facts established the falsity of the entry, the state showed that the true deposits exceeded the sum of $47,788.62, (the entry alleged to be false), by approximately $6,000. Appellant raised the question under discussion in the trial court.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.