Tom Fuller v. The State.

No. 14891.   Delivered April 6, 1932

The opinion states the case.

*John W. Moyers,* of Mineral Wells, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, Judge.—The offense, failure to stop and render aid; the punishment, one year in the penitentiary.

The testimony in the case showed that the appellant and another party were driving an automobile on a public road and they struck the car in which one Fred Toler and a companion were riding, and the car in which the said Fred Toler was riding turned over and the said Toler by reason thereof received certain injuries.

The appellant raised the question on the trial of the case of a material variance between the allegation in the indictment and the proof offered. The indictment charged the violation of article 1150 of the Penal Code, which in part is as follows: "Whenever an automobile, motorcycle or other motor vehicle whatsoever, regardless of the power by which the same may be propelled, or drawn, strikes any person or collides with any vehicle containing a person, the driver of, and all persons in control of such automobile, motor vehicle or other vehicle shall stop and shall render to the person struck or to the occupants of the vehicle collided with all necessary assistance. * * *"

There was but one count in the indictment, which, omitting the formal parts, charged that the appellant on or about the 18th day of April, 1931, was then and there the driver and person in control of a motor vehicle,

to-wit, an automobile, upon a public highway and that said motor vehicle did then and there strike and collide with and cause injury to a person, to-wit, Fred Toler, and the said Tom Fuller, the appellant, did then and there unlawfully fail and refused to stop, after colliding with the said Fred Toler, and render all necessary assistance to the said Fred Toler, etc.

It will be seen that the statute provides two ways that this law may be violated; first, by failure to render aid after injuries caused by striking a person; and, second, by failure to render aid after injuries caused by striking or colliding with a car or other vehicle containing a person.

The state charged in its indictment that appellant, while the driver and person in control of an automobile on a public highway, did then and there strike and collide with and cause injury to a person, to-wit, Fred Toler. To prove this allegation, the state introduced testimony that appellant, while driving an automobile upon a public highway, collided with a car in which one Fred Toler was riding, but we can find nowhere in the record any testimony to sustain such allegation, but all of the evidence, both for the state and for the appellant was to the effect that there was no striking of the alleged injured party by the car of the defendant.

The appellant raised the question of a material variance between the allegation and the proof by an objection and exception to the evidence as offered, and also by a motion, after the state's evidence had been closed, asking for a charge of the court directing the jury to return a verdict of not guilty. The variance was also called to the court's attention in appellant's motion for new trial. It is a rule of practice which obtains in criminal as well as civil actions that the allegations upon which the action is founded and the proof adduced must correspond. The party charged with an offense is entitled to have, if an offense may be committed in various modes, that mode stated in the indictment which was proven at the trial, and when one mode is stated and the proof of the commission of the offense by a different mode is offered, such evidence is incompetent by reason of variance. See Corpus Juris, vol. 31, p. 846; Novy v. State, 62 Texas Crim. Rep., 492, 138 S. W., 139; Randle v. State, 12 Texas App., 250; Malley v. State, 58 Texas Crim. Rep., 425, 126 S. W., 598; Martin v. State, 118 Texas Crim. Rep., 108, 38 S. W. (2d) 791; Knight v. State, 71 Texas Crim. Rep., 36, 158 S. W., 543; Chaves v. State, 101 Texas Crim. Rep., 367, 275 S. W., 1006.

The other alleged errors complained of by the appellant are such as are not likely to occur on another trial of the case, and for that reason we deem it unnecessary to discuss same.

Because of the failure of the state to meet by proof the allegations in the indictment, the judgment must be reversed and the cause remanded.

Reversed and remanded.

*Reversed and remanded.*

68

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.