# NOVEMBER 6, 1935

### J. L. BARNES V. THE STATE.

No. 17720.  Delivered November 6, 1935.

The opinion states the case.

*John N. Snell, R. G. Allen,* and *King C. Haynie,* all of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted

of the offense of assault with intent to murder, and his punishment was assessed at confinement in the State penitentiary for a term of three years.

The testimony adduced by the State shows that on the night of August 6, 1934, an argument arose between appellant and one J. B. Jordan, in front of Jordan's place of business, which resulted in a fight in which the appellant resorted to the use of a chair while Jordan used a small baseball bat, striking appellant several blows on the head and knocking him down. After they were separated appellant left the scene of the difficulty, stating at the time that he would be back in a few minutes and kill the s-o-b-; that in a few minutes he returned with a pistol and began shooting at Jordan as soon as he entered the latter's place of business whereupon Jordan drew a pistol from a drawer and returned the fire. Appellant no doubt realized that he would be in danger and sought shelter behind Mr. Brennan, a customer who was in Jordan's place of business at the time. Appellant and Jordan continued to shoot at each other until Mr. Brennan and appellant both fell to the floor. They were hurriedly taken to a hospital for treatment, where Brennan died within a very short time. The appellant's wounds proved to be merely flesh wounds. While at the hospital and before appellant had received medical attention, he talked like a man who had been drinking; that he made the remark that he intended to kill the s-o-b-.

Appellant testified in his own behalf that after he was struck on the head with a baseball bat, he became unconscious and remained so until the next day; that he did not remember coming back to Jordan's place of business with a pistol and shooting at Jordan. In addition to his testimony, appellant introduced Doctor York, a practicing physician, who specialized in mental and nervous diseases, and who was in charge of the Harris County Psychopatic Department for some eighteen or twenty years. Dr. York testified that "blows upon a man's head with a small baseball bat with sufficient force to have knocked him down is necessarily calculated to produce a condition of the mind in the man struck as that he would not know right from wrong, and render him temporarily insane which may continue from a second to weeks, depending upon the character of the wound inflicted." The doctor testified further: "If the blows I have described * * * one back of the head and these in the forehead, if it did produce temporary insanity where he wouldn't know right from wrong, that con-

dition would not necessarily deprive him of the ability to move about from place to place; he could move about and do things and yet not know what he was doing."

The learned trial judge, in his charge, instructed the jury on temporary insanity produced by the recent use of ardent spirits, but gave no charge on insanity produced by blows which appellant received at the hands of Jordan. Appellant, in due time, objected to said charge because the court did not properly instruct the jury with reference to the law of insanity applicable to this case. The court no doubt overlooked the significance of the objection, otherwise he would have amended his charge and instructed the jury on said theory. It is the well-settled law of this State that the trial court should distinctly set forth in his charge the law applicable to the facts in the case. See Art. 658, C. C. P. Whenever there is testimony which raises an issue favorable to the defendant that issue should be submitted to the jury in an affirmative manner by an appropriate instruction from the court so that the jury may decide that issue. See Knight v. State, 71 Texas Crim. Rep., 36, 158 S. W., 543; Robinson v. State, 71 Texas Crim. Rep., 561, 160 S. W., 456. Many other cases might be cited in support thereof.

We entertain some doubt as to the sufficiency of the testimony to raise the issue of temporary insanity produced by the recent use of ardent spirits.

Bill of Exception No. 15, complaining of the action of the court in failing to instruct the jury on the law of self-defense and on rudely displaying a pistol, is without merit. Under the facts of this case the appellant was not entitled to a charge thereon, as such issues were not raised by the testimony.

The other matters complained of seem to be without merit.

For the error hereinabove pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.