# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-02-00561-CR

**Ira Dale Williams, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
NO. 9014242, HONORABLE JON N. WISSER, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

A jury found appellant Ira Dale Williams guilty of sexual assault, indecency with a child by contact, and indecency with a child by exposure. *See* Tex. Pen. Code Ann. § 21.11 (West 1993), § 22.011 (West Supp. 2004). After appellant acknowledged two previous felony convictions, the district court sentenced him to thirty years in prison for each offense. Appellant challenges the factual sufficiency of the evidence and complains of error in the admission of evidence and in the jury charge. He also claims that he was denied effective assistance of counsel. We overrule these contentions and affirm the conviction.

*Evidence Sufficiency*

By challenging only the factual sufficiency of the evidence, appellant concedes that it is legally sufficient to sustain the jury's verdicts. *See Clewis v. State*, 922 S.W.2d 126, 129 (Tex.

Crim. App. 1996); *Stone v. State*, 823 S.W.2d 375, 381 (Tex. App.—Austin 1992, pet. ref'd, untimely filed). In a factual sufficiency review, we view all the evidence, both for and against the finding of guilt, in a neutral light to determine if the proof of guilt is either so obviously weak or so greatly outweighed by contrary proof as to undermine confidence in the jury's determination. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).

The complainant, T. B., testified that she was standing at a bus stop in April 2001 when appellant drove up and offered her a ride to school in his car. T. B., who was then fourteen years old, accepted the offer. After parking outside T. B.'s middle school, she and appellant sat in the car and listened to music, and he masturbated. Appellant began to meet T. B. on a regular basis. About one week after they met, she agreed to touch his penis. Later, appellant touched T. B.'s genitals and penetrated her with his finger. Three weeks after they met, appellant and T. B. had sexual intercourse for the first time. T. B. testified that she and appellant repeatedly engaged in sexual intercourse in appellant's car, in a motel room, and in a storage shed at appellant's place of employment. T. B. said that she told appellant she was fourteen, and that he told her he was thirty-five.

T. B. disclosed her relationship with appellant to her mother and stepfather in June 2001. Her parents drove to the used car lot where appellant worked to confront him. The stepfather testified that appellant initially denied having sex with T. B. but later said, "I didn't know. She didn't look like that." Appellant told T. B.'s stepfather he was sorry. The following month, T. B.'s stepfather saw appellant parked near the apartment building where the family lived.

2

Appellant's supervisor at work, William Payne, testified that during June 2001 appellant came to work almost daily with a female who would remain in his car all day. Payne overheard appellant's conversation with T. B.'s parents and later questioned him about their accusations. Payne testified that appellant said, "She told me she was 18."

T. B. was examined by pediatrician Beth Nauert. The doctor testified that her findings were consistent with the acts of penetration described by T. B.

The jury found appellant guilty of penetrating T. B.'s sexual organ with his penis, of causing her to touch his genitals, and of exposing his genitals to her. Appellant contends the evidence is factually insufficient to support these findings because T. B. was not a credible witness and because the police did not adequately investigate the case. Appellant correctly points out that T. B. contradicted herself in her statements to her parents and to the police. Before accusing appellant, T. B. told her mother that she had sexual intercourse with a neighbor. In her trial testimony, T. B. claimed to have had sexual intercourse with appellant as many as twenty times, but backed off from that number during cross-examination. Appellant also calls attention to the failure of the police to look for biological evidence in his car or in the storage shed, or to attempt to find the motel where he allegedly took T. B.

Even in a factual sufficiency review, due deference must be accorded the fact finder's determinations, particularly those concerning the weight and credibility of the evidence. *Id*. at 9. We may disagree with the fact finder only when the record clearly indicates that such a step is necessary to prevent a manifest injustice. *Id*. This is not the case here. We conclude that the evidence of appellant's guilt on each count is neither so obviously weak nor so greatly outweighed

3

by contrary proof as to undermine confidence in the jury's determinations. Point of error two is overruled.

### *Jury Charge*

In his first point of error, appellant contends the indecency by exposure count should not have been submitted to the jury because it was abandoned by the State. The indictment in this cause contained four primary counts: count one alleged that appellant penetrated T. B.'s sexual organ, count two alleged that appellant caused T. B. to touch his genitals, count three alleged that appellant touched T. B.'s genitals, and count four alleged that appellant exposed his genitals to T. B. As the indictment appears in the clerk's record, a large "X" has been drawn through count four, with the word "abandoned" and the trial judge's initials written in the margin. There is no date noted, and there is no mention of an abandoned count on the docket sheet.

In the reporter's record, we find that the court interrupted its welcoming remarks to the jury panel for an off-the-record bench conference, apparently with counsel for both parties. Back on the record, the court stated, "I made one minor amendment, so the charge is sexual assault, indecency with a child by contact, indecency with a child by exposure." During the subsequent jury selection process, the parties discussed the elements of sexual assault of a child, indecency with a child by contact, and indecency with a child by exposure. In its charge, to which appellant made no objection, the court authorized the jury to convict appellant on counts one (sexual assault), two (indecency by contact), and four (indecency by exposure, referred to in the charge as count three). Count three of the indictment, also alleging indecency by contact, was not submitted to the jury.

4

It is apparent from the record that the court's notation on the indictment does not reflect what actually happened at trial. The State did not abandon count four as indicated, but instead abandoned count three, in which it was alleged that appellant committed indecency with a child by touching T. B.'s genitals. The court simply marked through the wrong count on the face of the indictment. Appellant does not assert that he was misled in any way by this error. Nevertheless, he urges that because the court altered the indictment to indicate that count four was abandoned, it was error to submit that count to the jury.

The opinions cited by appellant are not on point. There was no error in the indictment of such seriousness as to deprive the trial court of jurisdiction. *See Cook v. State*, 902 S.W.2d 471, 480 (Tex. Crim. App. 1995) (indictment that does not accuse any person of crime does not vest jurisdiction). Nor was this an ineffective attempt to amend the indictment. *See Riney v. State*, 28 S.W.3d 561, 565-66 (Tex. Crim. App. 2000) (discussing formalities required for amendment). The abandonment of a count by the State does not constitute an amendment of the indictment for which any particular formality is required. *Epperson v. State*, 330 S.W.2d 445, 446 (Tex. Crim. App. 1959). Under the circumstances, all that is shown is a clerical error by the court that did not deprive it of jurisdiction over the indecency-by-exposure count or invalidate that portion of the jury charge permitting appellant's conviction for that offense. Point of error one is overruled.

In his third point of error, appellant contends the trial court should have instructed the jury that it could not convict him on all three counts based on a single act or episode. Appellant did not request this instruction, but he urges that its omission was fundamental error. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). He argues that in the absence

5

of the instruction, it was possible for the jury to convict him of sexual assault, indecency by contact, and indecency by exposure based on the same conduct, thereby subjecting him to multiple punishments for the same offense. *See Patterson v. State*, 96 S.W.3d 427, 432-33 (Tex. App.—Austin 2002, pet. granted).

Normally, a defendant must object to errors in the jury charge before he may be heard to complain on appeal. *Posey v. State*, 966 S.W.2d 57, 61 (Tex. Crim. App. 1998). A trial court's failure to give an unrequested jury instruction is error only if the instruction is "law applicable to the case" and thus required to be submitted on the court's own motion. *Huizar v. State*, 12 S.W.3d 479, 483 (Tex. Crim. App. 2000); *Posey*, 966 S.W.2d at 61-62; *Howard v. State*, 972 S.W.2d 121, 125-26 (Tex. App.—Austin 1998, no pet.). Appellant refers us to no authority holding that the instruction he contends should have been given was "law applicable to the case" under the circumstances shown here.

Even if we assume that the failure to give the instruction was error, appellant has not shown that he was egregiously harmed. *See Almanza*, 868 S.W.2d at 171. Appellant does not contend that a double jeopardy violation is apparent on the face of the record. *See Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000); *Duvall v. State*, 59 S.W.3d 773, 777 (Tex. App.—Austin 2001, pet. ref'd). To the contrary, there is substantial evidence that appellant engaged in separate and distinct acts of penetration, touching, and exposure. The court's failure to instruct the jury to consider separate conduct in deciding appellant's guilt on each count, if error, did not subject him to multiple punishment for the same conduct or otherwise cause him egregious harm. Reversible error is not presented. Point of error three is overruled.

*Evidentiary Rulings*

At the conclusion of testimony at the guilt stage, the court granted the State's motion asking that it take judicial notice of documents in its files indicating that appellant was born on October 27, 1965.[1] The court orally instructed the jury that it was taking judicial notice that this was appellant's date of birth. In its written charge, the court instructed the jury that it was not required to accept any judicially noticed fact as conclusive. *See* Tex. R. Evid. 201(g).

Appellant contends the court erred by taking judicial notice of his birth date because the court records were not shown to be accurate. *See id*. rule 201(b). Appellant bases this contention on a reference by the prosecutor to a police report, not in the record, in which appellant's date of birth was apparently misstated. He also argues that the age difference between himself and the complainant, which was the real fact the State sought to prove, was irrelevant and unfairly prejudicial. *See id*. rules 402, 403.

A trial court may take judicial notice of its own records and proceedings. *Turner v. State*, 733 S.W.2d 218, 221-22 (Tex. Crim. App. 1987). The alleged discrepancy regarding appellant's date of birth is not reflected in the record before us. As to the age difference, T. B. testified without objection that she was fourteen years old and that appellant told her he was thirty-five years old. *See Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991) (party must object each time allegedly inadmissible evidence is offered). The jury could also draw its own conclusions from the appearance of T. B. and appellant in the courtroom. Under the circumstances,

---

[1] This date of birth is shown in both the order of commitment and affidavit for arrest on file in cause number 3012620. After appellant was reindicted in the instant cause, the earlier cause was dismissed.

7

any error in admitting evidence of appellant's birth date was harmless. Points of error four, five, and six are overruled.

In points of error seven and eight, appellant contends the court erred by permitting T. B.'s stepfather to testify that appellant told him that he, appellant, did not know T. B.'s age and was sorry about what had happened. Appellant contends this testimony should not have been admitted because he was not given advance notice in response to his discovery motions and because the probative value of the testimony was outweighed by the danger of unfair prejudice.

Appellant filed a pretrial discovery motion requesting, among other things, that the court order the State to produce for inspection by defense counsel "[a]ll statements of a nature as would be arguably admissible as a 'res gestae' statement, spontaneous statement, or other utterance which the State intends to introduce in its case in chief." Appellant also filed a pro se discovery motion asking that the State be ordered to disclose "[a]ll statements, written or oral, and any evidence of acts amounting to statements alleged to have been made by Defendant." There is no indication in the record that either motion was presented to or granted by the court. In similar contexts, it has been held that a request for notice in the form of a discovery motion addressed to the trial court is ineffective unless granted. *See Mitchell v. State*, 982 S.W.2d 425, 427 (Tex. Crim. App. 1998); *Espinosa v. State*, 853 S.W.2d 36, 39 (Tex. Crim. App. 1993). As the court noted in *Espinosa*, "[a] discovery motion is not otherwise productive until it is ruled upon by the trial court." 853 S.W.2d at 38. No violation is shown because no order granting the discovery motions is shown. Point of error seven is overruled.

8

Appellant urges that his statements to T. B.'s stepfather were ambiguous and of marginal relevance, and therefore the probative value of the evidence was outweighed by the danger of unfair prejudice. Tex. R. Evid. 403. We review the decision to admit evidence over a rule 403 objection for an abuse of discretion. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g). Although appellant's statements fell short of an express confession of guilt, they could reasonably be understood as an admission of improper conduct given the circumstances under which they were made. Appellant does not explain how this evidence was unfairly prejudicial. *See id*. at 389 ("unfair prejudice" means tendency to suggest decision on improper basis, commonly emotion). We find no abuse of discretion in the trial court's admission of the testimony and overrule point of error eight.

In points of error ten, eleven, and twelve, appellant contends the court should not have allowed T. B.'s stepfather to testify that he saw appellant in the parking lot of the family's apartment complex a few weeks after T. B. made her outcry. He asserts that this testimony was irrelevant, unfairly prejudicial, and improper extraneous misconduct evidence. Tex. R. Evid. 401, 403, 404(b). In overruling appellant's relevance objection, the trial court stated that the evidence "[h]elps to show the relationship between the defendant and the child, that he knew where she lived and — it's a small, little bit of evidence that, I guess, moves the State in the direction they want to move." Appellant argues that because the evidence was of such limited value to the State, its probative value was outweighed by the danger that the jury would consider it as evidence that he was a "sexual predator." Appellant draws our attention to the fact that the prosecutors repeatedly used this term to describe him during their final arguments to the jury.

9

"[E]vidence need not by itself prove or disprove a particular fact to be relevant; it is sufficient if the evidence provides a small nudge toward proving or disproving some fact of consequence." *Montgomery*, 810 S.W.2d at 376. "Rule 403 favors admissibility of relevant evidence, and the presumption is that relevant evidence will be more probative than prejudicial." *Id*. at 389. The testimony that appellant was seen parked near the complainant's residence tended to corroborate T. B.'s testimony and was not, in itself, evidence of misconduct or bad character. The prosecutors' description of appellant as a "sexual predator" was a logical inference from his overall behavior as shown by T. B.'s testimony. We conclude that the court did not abuse its discretion by admitting the challenged testimony. Points of error ten, eleven, and twelve are overruled.

### *Ineffective Assistance*

Appellant's job supervisor, William Payne, testified that appellant told him he believed T. B. was eighteen. In point of error nine, appellant asserts that this testimony was objectionable under rule 403 and his trial attorneys were ineffective because they failed to make this objection.

To prevail on a claim of ineffective assistance of counsel, an appellant must show that counsel made such serious errors that he was not functioning effectively as counsel and that these errors prejudiced the appellant's defense to such a degree that he was deprived of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). Counsel's performance must be judged in its totality, rather than by isolating individual errors or omissions. *Oestrick v. State*, 939 S.W.2d 232, 237 (Tex. App.—Austin 1997, pet. ref'd). This one error, if error it was, was not so egregious as to undermine our confidence in

10

the outcome of the trial.  *See Thompson v. State*, 9 S.W.3d 808, 812-13 (Tex. Crim. App. 1999).

Point of error nine is overruled.

The judgment of conviction is affirmed.


_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Affirmed

Filed:   April 1, 2004

Do Not Publish