MEMORANDUM OPINION




No. 04-03-00806-CV



IN THE MATTER OF S.V.



From the 289th Judicial District Court, Bexar County, Texas


Trial Court No. 2003-JUV-02490


Honorable Carmen Kelsey, Judge Presiding



Opinion by: Phylis J. Speedlin, Justice


Sitting: Paul W. Green, Justice

 Sandee Bryan Marion, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: June 2, 2004


AFFIRMED

 S.V. appeals the trial court's order committing him to the Texas Youth Commission. In four
issues, S.V. contends: (1) his due process rights were violated when the State amended the petition
alleging delinquent conduct; (2) he was entitled to personal service of the amended petition; (3) the
second amendment to the petition subjected S.V. to double jeopardy; and (4) the trial court abused
its discretion in ordering S.V. to pay $2,211.50 in restitution. We overrule each of these issues and
affirm the trial court's judgment.


Background


 The petition alleging delinquent conduct sets forth two offenses in which S.V. was alleged
to have engaged: theft of an automobile and unauthorized use of an automobile. Before the charge
was read to the jury, the State elected to proceed on the theft offense. After a short recess, the State
changed the election to proceed on the unauthorized use of an automobile. S.V.'s attorneys objected,
claiming the election constituted an amendment to the petition and that the election raised double
jeopardy issues. The trial court overruled the objections and submitted a charge on the offense of
unauthorized use of an automobile. The jury found that S.V. engaged in delinquent conduct, and the
trial court ordered S.V. committed to the Texas Youth Commission. The trial court also ordered
S.V. to pay restitution in the amount of $2,111.50.

Amendment to Petition


 S.V.'s first two issues are premised on his contention that the petition alleging delinquent
conduct was amended when the State elected to proceed to the jury on only one of the offenses
alleged in the petition. S.V. asserts that such an amendment is similar to the amendment of an
indictment. S.V. contends his due process rights were violated by the amendment, and he was
entitled to personal service of the amended petition.

 S.V.'s contention, however, is based on a faulty premise. It is well-established that the State's
election to proceed on one offense does not constitute an amendment of the charging instrument. See
Robinson v. State, 415 S.W.2d 180, 182 (Tex. Crim. App. 1967); Epperson v. State, 330 S.W.2d
445, 446 (Tex. Crim. App. 1959); Williams v. State, No. 03-02-00561-CR, 2004 WL 635262, at *3
(Tex. App.--Austin 2004, no pet.) (not designated for publication). Accordingly, S.V.'s first two
issues are overruled.

Double Jeopardy


 In his third issue, S.V. contends that the State's changing of its election on which offense to
submit to the jury subjected him to double jeopardy.

 The Double Jeopardy Clause protects against (1) a second prosecution for the same offense
after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple
punishments for the same offense. Lopez v. State, 108 S.W.3d 293, 295-96 (Tex. Crim. App. 2003);
Luna v. State, 985 S.W.2d 128, 130 (Tex. App.--San Antonio 1998, pet. ref'd). The general rule
is that the abandonment of an accusation after jeopardy attaches amounts to an acquittal. See Ex
parte McAfee, 761 S.W.2d 771, 773 (Tex. Crim. App. 1988); Duke v. State, 2 S.W.3d 512, 515 (Tex.
App.--San Antonio 1999, no pet.). However, "this general rule is found and applied only in cases
where the jury in the first trial did return a verdict on the count that was submitted, and upon that
verdict the trial court entered a judgment of conviction." Ex parte McAfee, 761 S.W.2d at 773
(emphasis in original). Absent a final judgment, the defendant remains under the initial jeopardy. See
id. "In other words, jeopardy must attach, and then, there must be some jeopardy terminating event
before retrial is barred." Ramirez v. State, 36 S.W.3d 660, 666 (Tex. App.--Waco 2001, pet. ref'd).
In this case, no final judgment was entered before the State changed its election; therefore, S.V.
remained under the initial jeopardy. See Ex parte McAfee, 761 S.W.2d at 773. Since the initial
jeopardy had never terminated, the change in election did not result in a double jeopardy violation.
See id.

 S.V.'s third issue is overruled.


Restitution


 In his final issue, S.V. contends that the trial court abused its discretion in ordering S.V. to
pay restitution in the amount of $2,211.50. S.V. asserts that the victim gave conflicting testimony
regarding the amount of his damages.

 Whether to order restitution is within the sound discretion of a trial court and is reviewed
under an abuse of discretion standard. In re C.T., 43 S.W.3d 600, 602 (Tex. App.--Corpus Christi
2001, no pet.). "The amount of restitution must be just, and it must have a factual basis within the
loss of the victim." Campbell v. State, 5 S.W.3d 693, 696 (Tex. Crim. App. 1999). The victim
testified that when his car was returned, the trunk "had been popped," the steering column was
broken, the factory stereo had been removed, the paint was discolored, the upholstery was damaged,
the head liner was ripped, and the wheel rims were damaged. The victim testified that he obtained
a written estimate to fix the damage to the trunk, steering column, and paint that totaled $2,211.50.
The estimate was admitted into evidence. The victim also testified that an additional $3,000.00 would
be required to fix the rims and the upholstery. The victim stated that he paid $400.00 for the car
without an engine and then put an engine in the car. The victim estimated that his car was worth
$3,500.00. The victim acknowledged that the average retail value of his car according to blue book
was $1,500.00. Given the victim's testimony, the trial court did not abuse its discretion in ordering
restitution in the amount of $2,211.50. The amount had a factual basis in the evidence in view of the
written estimate that was offered into evidence. The evidence regarding the amount the victim paid
for the car and its blue book value does not detract from the fact that the victim would be required
to pay $2,211.50 to fix some of the damage to his car.

 S.V.'s fourth issue is overruled.

Conclusion


 The trial court's judgment is affirmed.


 Phylis J. Speedlin, Justice