R. McRorey v. The State.

No. 13417. Delivered June 4, 1930.
Rehearing by State denied November 5, 1930.
Reported in 32 S. W. (2d) 200.

The opinion states the case.

*Joe W. Caldwell, Jr.,* of Asherton, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Appellant was charged with and convicted of a misdemeanor, from which he appeals to this Court from the County Court of Dimmit County.

The term of County Court at which appellant was convicted adjourned on September 21, 1929. A recognizance dated September 30, 1929, appears in the transcript. This recognizance having been made after adjournment was a nullity and this Court is without jurisdiction. The record here is identical with that of Roy Jones v. State, No. 13418, this day decided in an opinion by Judge Christian.

Because this Court is without jurisdiction, this appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION TO REINSTATE.

CHRISTIAN, JUDGE.—The record is in the same condition as that of Roy Jones v. The State, No. 13,416, in which appellant's motion to reinstate the appeal was overruled. For the reasons there-

in pointed out, the motion to reinstate the appeal is overruled. Appellant is granted 15 days from the entry of this order in which to file a proper appeal bond.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

CHRISTIAN, JUDGE.—The record having been perfected, the appeal is reinstated and the case is now considered on its merits.

To meet the objection of the state to the consideration of the statement of facts and bills of exception, appellant's counsel has filed his affidavit wherein it is sought to show that the statement of facts and bills of exception should be considered by this court. A controverting affidavit embracing the general statement that the matters set forth in the affidavit filed by appellant's counsel do not reflect the facts is on file. The controverting affidavit fails to state the particulars in which the detailed statement relied upon by appellant is incorrect. After a careful consideration of the affidavits, we have reached the conclusion that appellant has shown himself entitled to have the statement of facts and bills of exception considered.

One hundred head of cattle owned by appellant ranged in the Dentonio pasture, which was quarantined. The fence between this pasture and the adjoining pasture was in bad repair. The fever-carrying tick having been found on stock running in the pasture, appellant was duly and properly notified to dip his cattle. The testimony of the state showed that he appeared at the appointed date and dipped 76 head of cattle. At this point we quote from the statement of facts as agreed to by the county attorney, as follows:

"The evidence showed that for three days prior to the 21st day of June, A. D. 1929 (the date appointed for dipping), that six men had worked in gathering the cattle belonging to the defendant merely for the purpose of dipping them, and that the cattle dipped were all of defendant's cattle that these six men had been able to gather in three days work."

The evidence shows that appellant made every reasonable effort to have his cattle at the dipping vat at the appointed time. We are unable to reach the conclusion that the evidence is sufficient to support the conviction.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON STATE'S MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—State's counsel contends that the court was without authority to consider the statement of facts for want of the signature of the trial judge. As stated in the original opinion, the appellant was diligent in his efforts to obtain the statement of facts, and if the law does not permit the consideration of the statement of facts to which reference is made in the original opinion, the appellant is nevertheless entitled to a reversal of the judgment for the reason that he has been denied the statement of facts. See Tex. Jur. Vol. 4, p. 402, sec. 269; p. 450, sec. 312, and p. 453, sec. 313.

The motion is overruled.

*Overruled.*

HAWKINS, J., absent.