R. McRorey v. The State.

No. 13415. Delivered June 4, 1930.
Motion to reinstate denied June 26, 1930.
Reported in 31 S. W. (2d) 645.

The opinion states the case.

*Joe W. Caldwell, Jr.* of Asherton, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—This is an appeal from a misdemeanor conviction.

The record in the instant case is in the same condition as that of McRorey v. State, 116 Tex. Crim. App. 85. For the reasons therein pointed out, we are without jurisdiction of this appeal and same is accordingly dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION TO REINSTATE.

CHRISTIAN, JUDGE.—The record is in the same condition as that of Roy Jones v. The State, No. 13,416, in which appellant's motion to reinstate the appeal was overruled. For the reasons therein pointed out, the motion to reinstate the appeal is overruled. Appellant is granted 15 days from the entry of this order in which to file a proper appeal bond.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

CHRISTIAN, JUDGE.—The record having been perfected, the appeal is reinstated and the case is now considered on its merits.

To meet the objection of the state to the consideration of the statement of facts and bills of exception, appellant's counsel has filed his affidavit wherein it is sought to show that the statement of facts and bills of exception should be considered by this court. A controverting affidavit embracing the general statement that the matters set forth in the affidavits filed by appellant's counsel do not reflect the facts is on file. The controverting affidavit fails to state the particulars in which the detailed statement relied upon by appellant is incorrect. After a careful consideration of the affidavits, we have reached the conclusion that appellant has shown himself entitled to have the statement of facts and bills of exception considered.

It appears from the statement of facts that appellant owned some horses in what is known as Denton Colony pasture. This pasture was quarantined. The fever-carrying tick having been found on stock running in the pasture, appellant was duly and properly notified to dip his horses. Although the vat was properly prepared and charged, appellant failed to appear and dip his horses. The conviction is supported by the evidence.

One bill of exception, in which appellant brings forward seven complaints, is found in the record. The first complaint is concerned with the refusal of the trial judge to rescue himself. The second complaint involves a motion to quash the jury panel. Complaint No. 3 relates to appellant's objection to the introduction in evidence of certain proclamations of the Governor. The fourth question attempted to be raised is concerned with the alleged refusal of the court to permit appellant to offer certain testimony. The next matter refers to a purported statement made by the court in the presence of the jury. The remainder of the questions are concerned with introduction of testimony. The several questions attempted to be brought forward in a single bill of exception are manifestly unrelated. Several exceptions having no logical connection are reflected. Such a bill is multifarious and presents nothing for review. Bell v. State, 250 S. W. 177; Carter v. State, 280 S. W. 779.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.