## JONES v. STATE.
### No. 13416.

Court of Criminal Appeals of Texas.

June 4, 1930.

Motion to Reinstate Overruled June 26, 1930. Affirmed Oct. 8, 1930.

Joe W. Caldwell, Jr., of Asherton, for appellant.

A. A. Dawson, State's Atty., of Canton, for the State.

CHRISTIAN, J.

The offense is failing and refusing to dip horses; the punishment, a fine of $25.

■ ▮ The term of court at which appellant was convicted ended on the 21st day of September, 1929. We find in the record a purported recognizance in which it is shown that appellant and his sureties appeared in open court on September 30, 1929, and acknowledged themselves to be bound in the amount in said recognizance stipulated. The recognizance was manifestly entered into after the adjournment of the term. It is provided in article 830, C. C. P., that on appeal in a misdemeanor case the accused may enter into recognizance during the trial term, and if he fails to do so during such term, he must make an appeal bond to the sheriff, which bond shall be approved by the sheriff or the county judge. We find nowhere a provision for a recognizance to be made by the accused after the expiration of the term. Pope v. State (Tex. Cr. App.) 26 S.W.(2d) 635.

Being without jurisdiction, the appeal is dismissed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion to Reinstate Appeal.

LATTIMORE, J:

▮ Appellant has filed in this case and others a motion to reinstate his appeal. He misapprehends the effect of and necessity for our dismissal. The appearance in a record on appeal of a recognizance or appeal bond officially notifies us of the fact that appellant is at large, i. e. not in the actual custody of the proper officers of the trial court. If such recognizance or appeal bond be defective so as that in the event of an affirmance those guaranteeing the presence and delivery of the body of such appellant may not be legally proceeded against in the event of the failure of appellant to present himself, this court, upon observing such defect, would decline to further proceed with the case and dismiss the appeal. Many authorities appear cited under article 830, Vernon's C. C. P. It is well understood that if a new bail for appeal be filed in the trial court and brought to this court within the time allowed after dismissal of such appeal because of such defect, the appeal will be reinstated; and if such new bail be in proper form the appeal will be considered on its merits. There was no express permission to file new bonds noted in the opinions of dismissal of this and the companion cases. Probably there should have been. In any event, to be fair, the appellant will be allowed fifteen days from the entry of this order in which he may file new bonds for appeal in this and the companion cases referred to. It plainly appearing that the trial term of the court below has expired, appellant would be held to perfect his appeal by giving a new bail bond in terms substantially in accordance with the recognizance set out in article 831, C. C. P. See Article 830, C. C. P.; also Sweak v. State, 91 Tex. Cr. R. 373, 239 S. W. 615.

We are compelled to overrule the motion to reinstate as made, but grant the time mentioned for perfecting the appeal.

### CHRISTIAN, J.

The record having been perfected, the appeal is reinstated and the case is now considered on its merits.

The questions presented for review are the same as are found in the case of R. McRorey v. State, 31 S.W.(2d) 645, this day decided.

The judgment is affirmed.

### PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.