JONES v. STATE.
No. 13418.

Court of Criminal Appeals of Texas.
June 4, 1930.

Motion to Reinstate Overruled June 26, 1930.
Reversed and Remanded Oct. 8, 1930.
State's Rehearing Denied Nov. 5, 1930.

Joe W. Caldwell, Jr., of Asherton, for appellant.

A. A. Dawson, State's Atty., of Canton, for the State.

CHRISTIAN, J.

The offense is failing and refusing to dip cattle; the punishment, a fine of $25.

202

The term of court at which appellant was convicted ended on the 21st day of September, 1929. We find in the record a purported recognizance in which it is shown that appellant and his sureties appeared in open court on September 30, 1929, and acknowledged themselves to be bound in the amount in said recognizance stipulated. The recognizance was manifestly entered into after the adjournment of the term. It is provided in article 830, C. C. P., that on appeal in a misdemeanor case the accused may enter into recognizance during the trial term, and if he fails to do so during such term, he must make an appeal bond to the sheriff, which bond shall be approved by the sheriff or the county judge. We find nowhere a provision for a recognizance to be made by the accused after the expiration of the term. Pope v. State (Tex. Cr. App.) 26 S.W.(2d) 635.

Being without jurisdiction, the appeal is dismissed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion to Reinstate.

CHRISTIAN, J.

The record is in the same condition as that of Roy Jones v. State, 31 S.W.(2d) 644, in which appellant's motion to reinstate the appeal was overruled. For the reasons therein pointed out, the motion to reinstate the appeal is overruled. Appellant is granted 15 days from the entry of this order in which to file a proper appeal bond.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On the Merits.

CHRISTIAN, J.

The record having been perfected, the appeal is reinstated, and the case is now considered on its merits.

The records in the present case and in the case of R. McRorey v. State, 32 S.W.(2d) 200, this day decided, are in substantially the same condition.

For the reasons stated in McRorey v. State, supra, the judgment is reversed, and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges

of the Court of Criminal Appeals and approved by the court.

On State's Motion for Rehearing.

MORROW, P. J.

This record is in substance identical with that in the case of McRorey v. State, 32 S. W.(2d) 200. The announcement there made touching the disposition of that case is controlling in this one.

The motion is overruled.

HAWKINS, J., absent.