JIM ROUNTREE V. THE STATE.

No. 22101.   Delivered June 10, 1942.
Rehearing Denied October 21, 1942.

The opinion states the case.

*Polk Shelton,* of Austin, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction for receiving and concealing stolen property with a sentence of two years in the penitentiary.

The facts of this case were fully stated in a former appeal, opinion reported in 140 Tex. Cr. R. 188; 143 S. W. (2d) 942, and will not be again given. It was there held that Rountree was an accomplice and wrongfully prosecuted as a principal. This holding is adhered to.

The indictment contains three counts, one of which is that for which he was convicted. Inasmuch as he was an accomplice, he could, under the facts of this case, be prosecuted either as

such or for receiving and concealing stolen property. If he had been a principal, the rule would be different. This question is considered and it is so held in Gammel v. State, 62 S. W. (2d) 139, and Petty v. State, 82 S. W. (2d) 965, to which we here refer for further discussion of the law.

Other questions raised are without merit.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

In his motion for rehearing appellant calls attention to his objection to paragraph seven of the court's charge instructing the jury regarding the testimony of an accomplice witness.

Appellant cites Poon v. State, 120 Tex. Cr. R. 522, 48 S. W. (2d) 307; Lightfoot v. State, 128 Tex. Cr. R. 281, 80 S. W. (2d) 984, as supporting his contention that the instruction in the present case was erroneous. A comparison of the objectionable charges in the cases mentioned with the one found in the present record does not reveal defects apparent in those cases.

In Poon's case the trial court declined to inform the jury that the accomplice witness should be corroborated as to the theft of the property as well as to the receiving by accused. In the present charge the court told the jury that the corroborating evidence must tend "to establish that a theft was committed." In Lightfoot's case the trial court instructed the jury that the corroborating testimony must tend to connect the accused with the offense, not with its commission. In the present case in one place in paragraph seven where the court is giving the rule as to the corroboration necessary he says it must in some material matter tend "to connect the defendant with the offence committed, if any," but immediately follows with a direct instruction that the corroboration is "not sufficient if it merely shows the commission of an offense, but must go further, and in some material way tend to connect the defendant with its commission."

Considering the charge upon the subject of accomplice witnesses as a whole, we think it is not subject to the criticisms mentioned.

The appellant's motion for rehearing is overruled