JOHNNY HURST V. STATE.

No. 30,954. November 4, 1959.

*John A. Menefee,* Rankin, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for the theft of sixteen sets of Hawthorne insert blades of the value of more than $50.00; the punishment, 2 years.

The testimony of the state shows that Jim Lawrence was the manager of certain seismograph crews, and as such had the control and possession of their supplies and equipment, including the sixteen sets of Hawthorne insert blades; that on August 6, 1958, said insert blades were missing, and that Lawrence did not give anyone his consent to take them and they were of the value of more than fifty dollars.

About 7 P.M., August 5, appellant was seen alone driving a pickup in the vicinity of the place where the equipment that used these blades was located.

Appellant telephoned G. B. Hickey around the middle of August, and shortly thereafter Hickey went to appellant's place and bought from him twelve to sixteen sets of Hawthorne insert blades.

Ranger Hardin and the injured party, Lawrence, from a nearby location, observed the transaction between appellant and Hickey, then stopped Hickey shortly after he left appellant's place, examined the insert blades, and found that the serial numbers on the blades corresponded with those that had been taken from Lawrence.

Appellant, testifying in his own behalf, stated that he had worked with seismograph crews, and for sometime had collected used insert blades and bits, and at times had dealt with G. B. Hickey. He admitted that about August 6, he was in the vicinity where it is claimed that Lawrence missed some insert blades,

but stated that he did not get them, and said he was there gathering samples from the places where holes had been drilled and looking for some friends who were working in a crew other than Lawrence's.

He further testified that Hickey came by his place and left a box of supplies one afternoon and returned for them the next afternoon, and was stopped by the officers shortly after he left his place; he said the box of insert blades before the court appeared to him to be the same as those left by Hickey and picked up by him the next day, and said he knew nothing about the blades being stolen. He also states that he sold Hickey some material for $264.75, the amount of the check given by Hickey to him August 14, but that the check was not for the insert blades here in question.

Appellant called several witnesses whose testimony corroborated that given by him.

The jury resolved the issues of fact against the appellant and the evidence is sufficient to support its verdict.

Appellant's sole complaint in his brief that the court failed to charge on a certain affirmative defense cannot be reviewed because the transcript contains no objections or exceptions to the main charge or any specially requested charges.

The judgment is affirmed.

Opinion approved by the Court.