### ROBERT A. MORGAN v. STATE

No. 32,469. November 23, 1960

Motion for Rehearing Overruled January 11, 1961

Felony Theft. Appeal from the Criminal District Court No. 4 of Harris County; penalty, confinement in the penitentiary for two years.

*John P. Spiller*, Houston, for appellant.

*Dan Walton*, District Attorney, *Samuel H. Robertson, Jr.*,

*Morgan Redd,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Appellant Robert A. Morgan and his two co-indictees, James A. Mitchell and Forest A. Lunsford, were jointly charged by indictment with the offense of felony theft.

Upon a separate trial, appellant was convicted and his punishment assessed at two years in the penitentiary.

The indictment alleged the theft of one tire and wheel of the value of $60.00 and one box of tools of the value of $250.00 from the owner, Gussie Long.

Long, the injured party, testified that on the night of September 8, 1959, he parked his 1959 Ford station wagon in the driveway at his home on Wardmont Street, and when he started to work the following morning he discovered that a wheel and spare tire and a tool box and some tools had been taken from the vehicle. He stated that five days later, in response to a call from Officer Powell, he picked up the tire at a filling station on Little York Road and the following day Officer Powell returned the wheel to him, but that he never did recover the tools. Long testified that he did not give the appellant or his co-indictees permission to take the property. He further testified that the tools stolen from him had a value to "buy and sell" in excess of $50.00 and that the reasonable market value of the tools was approximately $250.00.

The State's witness O'Neal Watts testified that he operated a filling station at 2401 Little York Road just outside the city of Houston and that in September, 1959, three men, whom he did not know and could not identify, came to his station one night with a wheel and tire; that he purchased the wheel and a boy at the station purchased the tire; that he gave the wheel to an officer and several days later the injured party came to the station and got the tire from him.

Officer J. B. Powell, upon being called as a witness by the state, testified that following appellant's arrest, after being duly warned, appellant made a written statement to him which he identified as State's Exhibit No. 1.

A portion of the written statement was introduced in evidence by the State in which appellant admitted that on the night

in question while he and his two companions were driving on Wardmont Street, "something was said about getting some tires or a tire," and one of his companions proceeded to take a tire and a box out of the station wagon, after which they drove to a service station on Little York Road where the tire was sold for $12.00.

Appellant did not testify or offer any evidence in his behalf.

The court submitted the issue of appellant's guilt to the jury under a charge on the law of principals.

We first overrule appellant's contention that the evidence is insufficient to support the conviction.

The testimony of the injured party clearly shows a theft of the wheel, tire and box of tools from his station wagon by someone. Appellant's written confession shows his connection with the theft. Such proof is sufficient to sustain the conviction. Gandy v. State, 99 Tex. Cr. Rep. 643, 271 S.W. 97, and Turner v. State, 109 Tex. Cr. Rep. 301, 4 S.W. 2d 58. The value of the stolen property was shown by the state's testimony to be in the amount of $50.00 or over.

Appellant insists that reversible error was committed by the court in admitting his written confession in evidence over his objection that it referred to other extraneous offenses. The record shows that the state only offered that portion of the confession which related to the offense on trial. We are unable to agree with appellant that the words "next day," which were left in the confession in the spaces between where certain portions of the confession were deleted, inferred the commission of other offenses; nor do we agree that the wording in the warning of the confession "that any statement made by me may be used in evidence against me in the *trial or trials of the offense or offenses* concerning which this statement is made * * *." was such an inference that appellant had committed other offenses as to render the confession inadmissible in evidence.

In his brief, appellant complains of the court's failure to give certain charges to the jury. The record does not reflect that appellant presented any objections or requested charges to the court in writing, as required by Articles 658 and 659, Vernon's Ann. C.C.P.; hence appellant's complaints to the charge are not properly before us for review. Waite v. State, 169 Tex. Cr. Rep. 484, 334 S.W. 2d 816.

The judgment is affirmed.

Opinion approved by the Court.