**Geraldine PARKER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 36944.**

Court of Criminal Appeals of Texas.

May 20, 1964.

No attorney of record on appeal for appellant.

Jules Damiani, Jr., Dist. Atty., R. J. Bernsen, Sr., Asst. Dist. Atty., Galveston, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is keeping a bawdy house; the penalty, a $200.00 fine and twenty days confinement in the County Jail.

The testimony of the state shows that Irma Jean Farrow, a 19 year old girl, was brought to Galveston, Texas, with the understanding that she would be employed in appellant's cafe as a waitress. Upon arriving in Galveston, she (Miss Farrow) found that appellant did not in fact operate a cafe, but instead, appellant caused Miss Farrow to engage in acts of prostitution. Miss Farrow received no money for her services as the men gave the money to appellant. Appellant did, however, furnish food and some clothing to Miss Farrow.

Miss Farrow further testified that appellant would invite the men into the house

by calling out a window saying, "Hey, I've got a new girl in here," and that other girls lived in the house during that time and also participated in acts of prostitution with appellant holding the money.

In corroboration of the foregoing testimony, the state introduced testimony from Calvin Tyler, a roomer, in the house in question. He testified that there were several girls in addition to Irma Jean Farrow who were prostitutes living at the address in question. He further testified that he saw appellant take money, hold it while the girls went to the rooms with men, then return money to the girls upon their return, and that appellant arranged for these dates. Mr. Tyler further testified that he remembered Irma Jean Farrow staying in the house during the period in question.

Through the testimony of Officers Price and Roach, of the Galveston Police Department, it was shown that the house in question had a reputation as a house of "ill repute" and a "House of prostitution."

Appellant's testimony in her own behalf, in short, denied entirely the testimony of the state's witnesses.

The record contains no formal bills of exception nor do we have a brief in appellant's behalf.

In appellant's motion for new trial, the contention is made that Irma Jean Farrow was, as a matter of law, an accomplice witness and that her testimony was not corroborated as required by law.

If Miss Farrow was an accomplice witness, we feel her testimony was amply corroborated, and thus we will not pass on the question of her complicity.

■ The testimony of Calvin Tyler, to the effect that Miss Farrow was in fact present at the location in question; that he saw appellant accepting money from men coming to patronize the bawdy house and that appellant made arrangements for the girls, together with the officer's testimony that the house had a reputation as a house of prostitution, is sufficient to corroborate Miss Farrow's testimony. See Dalrymple v. State, Tex.Cr.App., 366 S.W.2d 576; Morgan v. State, 171 Tex.Cr.R. 187, 346 S.W.2d 116; Hampton v. State, 145 Tex. Cr.R. 599, 170 S.W.2d 748; Rountree v. State, 144 Tex.Cr.R. 576, 164 S.W.2d 847 and Bradford v. State, 170 Tex.Cr.R. 530, 342 S.W.2d 319 wherein the rule as to corroborating testimony is set out. Thus we overrule appellant's contention that the evidence is insufficient to support the verdict.

■ Appellant also contended in her motion for new trial that the trial court fell into error in failing to charge the jury regarding accomplice testimony. The record contains no exceptions to the court's charge as given and no requested charge, thus under the well settled law in this state, the trial court's failure to so charge is not properly before this court for review. Morgan v. State, 170 Tex.Cr.R. 412, 341 S.W.2d 438; Art. 658 Vernon's C.C.P.

■ Appellant's further complaint that the evidence with reference to the reputation of the house in question was not properly admitted, is also without merit. It is well settled in this state that reputation evidence in a bawdy house prosecution may be shown. Branch's Penal Code 2nd Ed., Vol. 2, Sec. 1114.

Finding the evidence sufficient to support the verdict and no reversible error appearing, the judgment is affirmed.