**Marcus Denison BECK, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40783.**

Court of Criminal Appeals of Texas.

Nov. 15, 1967.

H. Edward Johnson, Fort Worth (Court Appointed), for appellant.

Frank Coffey, Dist. Atty., Jack Neal and Roland H. Hill, Jr., Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is Burglary with Intent to Commit Theft; the punishment, enhanced under the provisions of Article 62, Vernon's Ann.P.C., twelve (12) years confinement in the Texas Department of Corrections.

Appellant vigorously challenges the sufficiency of the evidence to sustain his conviction.

The record reflects that the office of the Hobbs Trailer Company in the City of Ft. Worth was broken into and entered on Sunday evening, October 9, 1966, sometime after 6 p. m. A cigarette machine in such building was broken into and it was estimated that approximately $70.00 to $80.00 in quarters, nickels and dimes was taken therefrom; a brown leather bag with "Hobbs" written thereon was also removed from the premises.

On October 9, 1966, at approximately 5:30 p. m. while on his way home, Ben Hamrick, a trucking company operator and a former employer of the appellant, saw him on the North Main viaduct in Ft. Worth. Some forty-five minutes later Hamrick, becoming concerned about his trucks and recent thefts therefrom, returned to the scene and observed appellant in the 700 block of North Main near the burglarized premises carrying a brown leather bag.

Upon stopping the appellant, Hamrick observed the bag appellant had in his possession was marked with the name "Hobbs." When Hamrick inquired of appellant if he had been stealing, the appellant admitted that he had, but denied stealing from Hamrick. Appellant left the scene when Hamrick sought to detain him until the police were called. When appellant reached the front of his former employer's nearby premises, Hamrick, who had gone around the building, struck him with a billy club causing appellant's head to bleed profusely. Appellant then ran, a nearby car dealer called the police, and appellant was apprehended a few blocks away. A search at the time of appellant's arrest revealed he was in possession of seventy-two dollars and twenty-two or twenty-three cents in coins, mainly in nickels, dimes and quarters. It was elicited from the arresting officer by defense counsel that appellant had told the officer that he had collected the nickels, dimes and quarters in a poker game at a cafe. However, the appellant could not locate the cafe for the officer or recall the names of the persons with whom he had played poker.

The brown leather bag with blood on it was found near the scene of the arrest and the burglarized premises in tall Johnson grass and returned to the Hobbs Trailer Company.

Appellant did not testify but called one witness, a bookkeeper for a handbill distributor. She related that she did not know the appellant, but her records reflected that a Marcus D. Beck was paid in cash $7.00 in the week of September 21, 1966; $17.28 in the week of September 28, 1966; and $21.00 in the week of October 5, 1966.

The court charged the jury on the law of circumstantial evidence.

We conclude that the evidence is sufficient to support the jury's verdict.

In Todd v. State, 170 Tex.Cr.R. 552, 342 S.W.2d 575, this Court, speaking through Judge Dice, said:

"The evidence shows a burglary of the house in question by someone. The proof of appellant's possession of the property recently stolen from the house, under the facts and circumstances shown, is sufficient to support the jury's verdict finding him guilty. 4 Branch's Ann.P.C., 2nd ed., page 866, sec. 2537 and Bernadett v. State, 166 Tex.Cr.R. 621, 317 S.W.2d 747."

In his next ground of error appellant contends the trial judge erred in failing to submit to the jury in his charge on the issue of guilt or innocence either or both of the affirmative defensive issues raised by the evidence and accounting for the appellant's possession of the large number of coins found on his person at the time of his arrest.

■ Appellant concedes in his brief that he did not request any such defensive charges of the court, and the record does not reflect that the appellant presented any objections or requested charges to the court in writing, as required by Articles 36.14 and 36.15, Vernon's Ann.C.C.P. Therefore, appellant's complaints to the charge are not properly before us for review. Morgan v. State, 170 Tex.Cr.R. 412, 341 S.W.2d 438; Foster v. State, 170 Tex. Cr.R. 61, 338 S.W.2d 458; Hurst v. State, 168 Tex.Cr.R. 427, 328 S.W.2d 447.

■ We further observe that even if the jury had believed that appellant's success at poker or his work payments or both accounted for his possession of a large number of coins at time of his arrest, this would not have entitled him to an acquittal in view of the other evidence presented, particularly his admission that he had been stealing, and his possession of the brown leather bag.

Appellant's second ground of error is overruled.

In his last ground of error appellant questions the authority of the trial court under the circumstances to have submitted the case to the jury at the penalty stage of the proceedings under the provisions of Article 62, V.A.P.C.

■■ The indictment was drafted under the provisions of Article 63, V.A.P.C. After a finding of guilty by the jury of the primary offense, the appellant requested the same jury assess the punishment. Prior to such proceedings it appears the appellant moved to quash that part of the indictment alleging two prior non-capital felony convictions for the purpose of enhancement. The motion was granted as to the Tennessee conviction alleged in the third paragraph of the indictment allegedly styled The State of Texas vs. Marcus Denison Beck, but was otherwise denied. Appellant objected contending that the court's action materially altered and changed the indictment returned by the Grand Jury, and that as amended the indictment would not suffice "as the basis for conviction on any count[1] of repetition."

The action of the court in sustaining in part appellant's motion to quash was not an unauthorized amendment of the indictment. Urtado v. State, 167 Tex.Cr.R. 318, 319 S.W.2d 711. See also Epperson v. State, 168 Tex.Cr.R. 557, 330 S.W.2d 445.

Thereafter at the penalty stage of the proceedings only the second paragraph of the indictment alleging a Texas felony theft conviction was read to the jury.

■ It appears to be appellant's position that an indictment originally drawn under Article 63, supra, is sufficient to sustain a conviction either as a habitual criminal or for the primary offense alleged, but not otherwise. We cannot agree. See Fairris v. State, 171 Tex.Cr.R. 416, 350 S.W.2d

---

1. Allegations as to prior convictions do not constitute "counts" in the indictment.

Square v. State, 145 Tex.Cr.R. 219, 167 S.W.2d 192.

935. If it be appellant's contention that the prior Texas felony theft conviction was not an offense of like character or one of the same nature as the primary offense of burglary with intent to commit theft to sustain a conviction under Article 62, supra, we call attention to Bowie v. State, Tex. Cr.App., 401 S.W.2d 829. There this Court said:

"Felony theft and burglary, committed with the intent to commit theft, are offenses of like character and of the same nature within the meaning of Article 62, Vernon's Ann.P.C. Reynolds v. State, 116 Tex.Cr.R. 83, 311 S.W.2d 848."

See also 1 Branch's Anno.P.C., 2nd Ed., Sec. 698, pp. 680, 682.

At the penalty stage of the proceedings appellant's five previous felony convictions from Texas, Tennessee and North Carolina were introduced.

The judgment is affirmed.