TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00170-CR







Richard Ancira, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0974043, HONORABLE BOB PERKINS, JUDGE PRESIDING







 Appellant Richard Ancira was convicted of the offense of burglary of a habitation. 
See Tex. Penal Code Ann. § 30.02(a)(3) (West 1994 & Supp. 1999). The jury assessed
appellant's punishment, enhanced by prior felony convictions, at imprisonment for life. On
appeal, appellant asserts that the trial court erred in failing to instruct the jury about accomplice
witness testimony and in failing to instruct the jury concerning note taking. Appellant also
complains that the State knowingly used false testimony and that he was deprived of his
constitutional right to effective assistance of trial counsel.

 In his second point of error, appellant insists that the trial court erred in failing "to
properly instruct the jury regarding accomplice witness testimony." Appellant contends that
Angelica Lira was an accomplice witness and that the trial judge was required to submit to the jury
an accomplice witness charge. The trial court did not err in failing to submit such a charge
because there was no objection to the omission nor a request for such a charge. In the absence of
an objection to the charge or a request for the desired charge, a trial court does not err in failing
to submit a charge on accomplice witness testimony. See Wiley v. State, 632 S.W.2d 746, 748
(Tex. Crim. App. 1982); McCloud v. State, 527 S.W.2d 885, 886-87 (Tex. Crim. App. 1975);
Parker v. State, 378 S.W.2d 848, 849 (Tex. Crim. App. 1964); Bacon v. State, 112 S.W.2d 480,
(Tex. Crim. App. 1938); Craven v. State, 46 S.W.2d 219, 220 (Tex. Crim. App. 1932). In
Harris v. State, 645 S.W.2d 447 (Tex. Crim. App. 1983), cited by appellant, there was a "timely
objection to the court's failure to instruct the jury in this regard." Harris, 645 S.W.2d at 454. 
We overrule appellant's second point of error.

 In his third point of error, appellant argues that the trial court erred by failing "to
properly instruct the jury regarding juror notes, and thus the jurors improperly took notes of the
trial." During the trial, the trial court sua sponte stated that he wanted to give the jurors an
additional instruction and proceeded to give the jury instruction on their taking notes. The court's
instructions were quite abbreviated in comparison to those suggested by the Court of Criminal
Appeals. See Johnson v. State, 887 S.W.2d 957, 959-60 (Tex. Crim. App. 1994) (J. Baird
concurring); Price v. State, 887 S.W.2d 949, 954-55 (Tex. Crim. App. 1994). However,
appellant did not object to the jurors taking notes or to the court's instructions. Appellant has not
directed our attention to proof in the record that any of the jurors actually took notes. 
Furthermore, appellant does not attempt to show that he was harmed in any specific way. His
argument is based on speculation. In view of the record, appellant has failed to preserve the
claimed error for appellate review. Moreover, he has not shown that jurors, if they took notes,
used them during their deliberations. It has been held that the reversal of a conviction is
unwarranted when a defendant makes no showing that jurors actually used their notes during
deliberation. See Hollins v. State, 571 S.W.2d 873, 883 (Tex. Crim. App. 1978). Appellant's
third point of error is overruled.

 In his fourth point of error, appellant claims that the "State proffered testimony
known by the prosecutor to be false." In support of this point appellant quotes from the
prosecutor's jury argument:


 Now I'd like to talk about Ms. Lira's lies. Yes, we called her. We called
her to the stand because she was caught with stolen jewelry on her. So what is Ms.
Lira going to do. She's going to do one or two things. She's going to say, "Yeah,
we burglarized that place." Number two, she's going to give you a whole pack of
lies. Ladies and gentlemen, use your reason and common sense, she got up there
and lied, lied about just about everything except for the car, I think. Think about
it.



 Appellant argues that the State knew what Lira's testimony would be before they
called her to testify, because she had been a witness and testified at appellant's earlier trial. That
trial terminated when the jury was unable to reach a verdict. Although the record in this case
shows there was an earlier trial which ended with a hung jury, there is nothing in this record to
show that Lira testified in the earlier case. Appellant refers us to another record that is not before
us for our consideration. In any event, as the prosecutor argued, the evidence showed that Lira
and appellant were selling property taken in the recent burglary for which appellant was being
tried. Her testimony was relevant to issues necessary to prove the State's case. Neither the State
nor defendant need vouch for the credibility of its witnesses and a party may attack the credibility
of its own witnesses. See Tex. R. Evid. 607; Russeau v. State, 785 S.W.2d 387, 390 (Tex. Crim.
App. 1990). Lira's testimony, if believed by the jury, furnished appellant a complete defense to
the charges for which he was being tried. Based on all of the evidence and the inferences to be
drawn therefrom, it was legitimate for the State to argue that Lira had lied to the jury. 
Nevertheless, based on the record it cannot be said that the State knowingly used perjurious
testimony. It was not until after the trial, during the hearing of appellant's motion for new trial,
that Lira herself suggested that she lied during the trial. At the hearing of the motion for new
trial, although at times she invoked her constitutional right against self-incrimination, Lira testified
that she and "Pumpkin," not appellant, committed the burglary. Was Lira's testimony on the
motion for new trial truthful? The record fails to support appellant's contention that the State
knowingly used perjurious testimony to convict appellant. Appellant's fourth point of error is
overruled.

 In his first point of error, appellant complains that his trial counsel was ineffective
because of his failure to: (1) request a jury instruction on accomplice witness testimony; (2)
request an instruction to guide the jury in considering appellant's explanation for the possession
of recently stolen property; and (3) object to the State's offer of extraneous offense evidence.

 To show ineffective assistance of counsel, appellant must show that: (1) counsel's
performance was deficient, in that counsel made such serious errors that he was not functioning
effectively as counsel; and (2) the deficient performance prejudiced the defense to such a degree
that appellant was deprived of a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984);
Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); Shaw v. State, 874 S.W.2d 115,
118 (Tex. App.--Austin 1994, pet. ref'd); O'Hara v. State, 837 S.W.2d 139, 143 (Tex.
App.--Austin 1992, pet. ref'd). Counsel's performance is to be judged by the "totality of
representation" provided. Strickland, 466 U.S. at 690; Butler v. State, 716 S.W.2d 48, 54 (Tex.
Crim. App. 1986). In deciding an ineffective-assistance claim, this Court must judge the
reasonableness of counsel's challenged conduct on the facts of the particular case, viewed at the
time of counsel's conduct--not by hindsight. We must then determine, in light of all the
circumstances, whether the acts or omissions are outside the wide range of professionally
competent assistance. Strickland, 466 U.S. at 690. Appellant bears a heavy burden to prove his
ineffective assistance claim. Counsel is strongly presumed to have provided adequate assistance
and to have made all significant decisions in the exercise of reasonable professional judgment. Id. 
We must not look at the errors of counsel in a vacuum. As a general rule, isolated instances in
the record reflecting errors of omission or commission do not necessarily render counsel's
representation ineffective. McFarland v. State, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992);
Ex parte Owens, 860 S.W.2d 727, 729 (Tex. App.--Austin 1993, pet ref'd).

 For conviction, the State relied upon the inference to be drawn from appellant's
possession of and his assertion of ownership of the property stolen in the recent burglary. The
State was required by the evidence to rely on this theory for conviction because there were no
fingerprints or any other evidence to show that appellant had ever been on the burglarized
premises where the property appellant possessed was stolen. However, indisputable evidence
proved that appellant pawned, at four different pawn shops, property recently stolen from the
residence burglarized. The State offered the testimony of Angelica Lira, a young woman who
along with her small children lived with appellant. She testified that she and appellant were at
appellant's sister's house and that while appellant was sleeping, she purchased a bag full of jewelry
for $1,000 from a man she knew as Pumpkin. Pumpkin was identified by other witnesses as a
man named Steve Vallejo. When appellant awakened, he upbraided Lira for spending the money,
although it was her money. Appellant and Lira had intended to use the money to move to new
living quarters. To recoup the money, both Lira and appellant took the jewelry Lira had
purchased and pawned it at several pawn shops. The defense offered the testimony of Lupe
Ancira, appellant's mother, and Joel Cantu, appellant's second cousin. They testified they were
present and heard Lira purchase the bag of jewelry from Pumpkin, and that appellant, when he
awakened, was upset and berated Lira for purchasing the jewelry.

 Although the record shows that appellant was tried a few days earlier and that a
mistrial was declared because the jury was unable to reach a verdict, the reporter's record of that
trial is not before us and we do not know what evidence was admitted in that trial. However, it
is reasonable to believe that trial counsel was aware of the evidence offered and the result of the
first trial. In his opening statement to the jury in this trial, appellant's counsel quite accurately
anticipated what the evidence would show. Counsel told the jury that they would hear that Lira
had received more than a $1,000 "in a settlement" and that while appellant was asleep, she
purchased the jewelry from Pumpkin. He continued, "unfortunately, you know, my client's girl
friend purchased this. Yes, the evidence is that [he] pawned this but this does not make [him] a
burglar. It makes him someone who hocked something[;] that wasn't too particularly wise. But
the State will not be able to prove that, one, he burglarized the house or, two, that he even knew
at the time he was in possession of the items of jewelry that he even knew these items were stolen. 
And, based upon that, I'm sure that you will come back and render a verdict of not guilty."

 It appears from the record that trial counsel, knowing what the State's evidence
would be and knowing that one jury did not reach a verdict based on that evidence, fashioned a
plausible defense within the framework of the anticipated evidence. Throughout the trial, counsel
consistently followed that defensive theory. Under the defensive theory adopted by counsel,
neither appellant nor his accomplice were guilty of burglary. It would have been inconsistent for
counsel to have conceded that Lira was an accomplice witness and to have asked for such a charge. 
Therefore, it would not have been good trial strategy for counsel to have requested an accomplice
witness jury charge. 

 Counsel's failure to request an instruction to guide the jury in considering
appellant's explanation for his possession of recently stolen property is also understandable in view
of the defense theory used. Counsel's theory for defense, which was supported by evidence, was
that appellant and Lira did not commit the burglary and did not know that the jewelry they
possessed had been stolen. It would have been inconsistent, and therefore it would have weakened
the defense theory to have sought such a charge. Equally as important, our reading of the record
makes it doubtful that any explanation made by appellant was timely or sufficient to have required
the trial court to give such a charge if it had been requested.

 It may be argued in light of hindsight that counsel should have objected to evidence
that appellant claims showed extraneous offenses. However, counsel's failure to do so was
consistent with counsel's purposeful defense theory. Counsel was attempting to win over the jury
and gain a favorable verdict rather than to provide grounds for points of error on appeal. 
Objections often offend jurors, and counsel must consider his overall strategy, sometimes
foregoing possible objections. Considering the facts and circumstances in this case, counsel had
a well-conceived plan with hope for a successful defense based on the result of the first trial when
the State's evidence failed to fully persuade the jury to convict appellant.

 Counsel should not be judged by hindsight. Appellant has failed to show that trial
counsel's performance was deficient to the extent that he made such serious errors that he was not
functioning effectively as counsel. Counsel's planned strategy should not be condemned. 
Considering the facts and circumstances of this particular case, counsel's theory and strategy was
reasonable. Appellant has failed to rebut the strong presumption that his trial counsel provided
adequate assistance and exercised reasonable professional judgment in making the significant
decisions relating to appellant's defense. Appellant's first point of error is overruled.

 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices Jones, Kidd and Dally*

Affirmed

Filed: March 11, 1999

Do Not Publish


















* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



 he even knew these items were stolen. 
And, based upon that, I'm sure that you will come back and render a verdict of not guilty."

 It appears from the record that trial counsel, knowing what the State's evidence
would be and knowing that one jury did not reach a verdict based on that evidence, fashioned a
plausible defense within the framework of the anticipated evidence. Throughout the trial, counsel
consistently followed that defensive theory. Under the defensive theory adopted by counsel,
neither appellant nor his accomplice were guilty of burglary. It would have been inconsistent for
counsel to have conceded that Lira was an accomplice witness and to have asked for such a charge. 
Therefore, it would not have been good trial strategy for counsel to have requested an accomplice
witness jury charge. 

 Counsel's failure to request an instruction to guide the jury in considering
appellant's explanation for his possession of recently stolen property is also understandable in view
of the defense theory used. Counsel's theory for defense, which was supported by evidence, was
that appellant and Lira did not commit the burglary and did not know that the jewelry they
possessed had been stolen. It would have been inconsistent, and therefore it would have weakened
the defense theory to have sought such a charge. Equally as important, our reading of the record
makes it doubtful that any explanation made by appellant was timely or sufficient to have required
the trial court to give such a charge if it had been requested.

 It may be argued in light of hindsight that counsel should have objected to evidence
that appellant claims showed extraneous offenses. However, counsel's failure to